BOOTH, Judge.
This cause is before us on appeal from final agency action holding Exxon’s claims for severance tax refunds for the period March 1, 1974 through December 31, 1976 are barred under Florida Statute § 211.-06(2). The issue on appeal is whether Florida Statute § 211.06(2)[1] applies and bars the claim (as contended by DOR) or whether Florida Statute § 215.26[2] applies and the claims are timely filed (as contended by appellant).
*130 We hold that § 215.26 controls and allows three years after accrual of the right to a refund within which the taxpayer can file application with the Comptroller for the refund. That statute expressly provides that unless filed within the three-year period “such right shall be barred . ”, thereby signaling its effect as a non-claim statute.
As to Florida Statute § 211.06, its apparent function is to authorize the DOR to adopt regulations for processing taxpayer adjustments within one year of payment of the tax. Under this statute the DOR, as the collecting agency, is permitted to initially pass upon and determine refund questions during the first year following payment, though application to the Comptroller for release of any appropriated monies needed for refunds is still contemplated. No language in § 211.06 puts the taxpayer on notice that, as claimed by DOR, severance tax refunds can only be claimed within the one year following payment, and we reject that strained construction in favor of the clear language of § 215.26 allowing a three-year period for tax refunds.
Accordingly, the ruling ' below is REVERSED and the cause REMANDED for consideration on the merits.
BOYER, Acting C. J., and MILLS, J., concur.

. Fla.Stat. § 211.06(2):
“The department is authorized and empowered to adjust and make proper settlements and refunds in cases of overpayment of the tax or where payment is made when no tax is due or when payment is made through error, under regulations prescribed by it, and there is hereby appropriated a sufficient amount for the comptroller to refund said taxes, when and if on proper application and proof filed with him within 1 year from the date of the payment of such taxes, he deems it necessary to make such refunds, and this provision shall in no way prejudice any right of action that may accrue to any person liable for the payment of the tax to contest in any court of competent jurisdiction the payment of any or all of the taxes imposed herein.”

. Fla.Stat. § 215.26:
“(1) The comptroller of the state may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the state treasury which constitute:
(a) An overpayment of any tax, license or account due;

*130

(2) Application for refunds as provided by this section shall be filed with the comptroller within 3 years after the right to such refund shall have accrued else such right shall be barred and such application shall be
on a form to be prescribed by the comptroller and shall be sworn to and supplemented with such additional proof as is necessary to establish such claim; provided, such claim is not otherwise barred under the laws of this state.”